UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC JAMES SIMPSON,

        Petitioner,

                                  CIVIL NO. 2:09-CV-12752
v.                             HONORABLE GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT COURT

MARK A. HACKEL,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Cedric James Simpson, ("Petitioner"), presently confined at the Macomb County Jail in Mount Clemens, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for surveillance of an unclothed person(lewd surveillance). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. BACKGROUND**

Petitioner pleaded guilty to the above offense in the Macomb County Circuit Court. On April 30, 2008, petitioner was sentenced to five years probation, with 180 days in the County Jail. That same date, petitioner requested the appointment of appellate counsel.

On December 17, 2008, petitioner's appellate counsel filed a motion to

1

withdraw his guilty plea, which was denied on February 17, 2009. Petitioner claims that his appellate counsel has yet to file an application for leave to appeal the denial of his motion to the Michigan Court of Appeals. Petitioner further claims that the time period for filing an application for leave to appeal with the Michigan Court of Appeals has now expired.

Petitioner has now filed a petition for writ of habeas corpus, seeking habeas relief on the following grounds:

> I. Appellate counsel Gorniak violated the Fifth, Sixth, and Fourteenth Amendment rights of petitioner by failing to file a timely leave to appeal with the Court of Appeals.
>
> II. Petitioner's Fifth and Fourteenth Amendment rights will be violated waiting on the state courts to act.
>
> III. Petitioner's guilty plea was not voluntary and his plea bargain was illusory, in violation of the 14th Amendment.
>
> IV. The statute of surveillance of an unclothed person is unconstitutionally overbroad as applied to petitioner's conduct.

## II.  DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the

traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. See *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. See *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner acknowledges that he has not yet appealed his conviction to the Michigan appellate courts, but argues that any exhaustion should be excused due to the fact that his appellate counsel failed to file a timely application for leave to appeal to the Michigan Court of Appeals and he therefore has no available state court remedies.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has

the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel may have failed to pursue a timely appeal of petitioner's conviction would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claims, as the Court will explain below. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly,* 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986)(allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective).

The Court is aware that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court remedies, especially when the state is responsible for the delay. *See Workman v. Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992). Moreover, a habeas petitioner who makes "frequent but unavailing requests to have his appeal processed" in the state courts should not be "not required to take further futile steps in state court in

4

order to be heard in federal court," even if the state court subsequently decides his appeal. *See Turner v. Bagley,* 401 F. 3d 718, 726 (6th Cir. 2005). Petitioner, however, has failed to show that there has been an inordinate delay in the processing of his state court appeal.

In *Workman, supra,* the Sixth Circuit held that a habeas petitioner's failure to exhaust his state postconviction remedies would be excused where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision. *Id.,* 957 F. 2d at 1344. Likewise, in *Turner, supra,* the Sixth Circuit concluded that a habeas petitioner should have been excused from the exhaustion requirement no later than when petitioner's direct appeal was dismissed for failure to prosecute, given that such failure could only have been attributed to petitioner's appointed attorneys and state, where the state court of appeals failed to insure timely representation, continually postponed petitioner's appeal, allowed four different attorneys to withdraw from the case without filing briefs, and allowed petitioner's appeal to remain on docket for nearly eleven years without meaningful attention. *Turner,* 401 F. 3d at 725-26.

By contrast, petitioner has failed to show that his case has languished for several years without any meaningful attention or that the state courts have otherwise failed to insure timely representation. There is no allegation by petitioner that he has made "frequent, but unavailing requests to have his appeal

processed." Although petitioner claims that he has filed a complaint against his appellate counsel with the Michigan Appellate Assigned Counsel System, there is no indication that petitioner has ever written the Macomb County Circuit Court or the Michigan Court of Appeals to bring to their attention the fact that an appeal has not been filed in this case. Under the circumstances, petitioner's case is distinguishable from the petitioners' circumstances in *Workman* or *Turner.*

Petitioner further contends that exhaustion should be excused because his sentence is set to expire. The mere fact that petitioner's custodial release is imminent would neither render any delay here inordinate nor would it excuse petitioner from exhausting his state court remedies. *See Singleton v. Wynder*, 485 F. Supp. 2d 602, 607 (E.D. Pa. 2007); *See also Bell v. Robert,* 402 F. Supp. 2d 938, 947 (N.D. Ill. 2005)(exhaustion not excused, even if appellate court would take an additional year to resolve petitioner's state appeal, which would extend the appellate proceedings beyond petitioner's release date; petitioner challenged his conviction, not the length of his sentence, so that appeal would not be mooted by release).

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner's method of properly exhausting these claims in the state courts would be through filing a

6

motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed.

Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A

federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

Dated: July 20, 2009

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 20, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk